**ALAI`ASA FILIFILI, Plaintiff,**

**v.**

**PEKA TE`O, Defendant.**

High Court of American Samoa
Land Titles Division

LT No. 28-92

February 24, 2000

Before KRUSE, Chief Justice, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Tautai Aviata Fa`alevao
For Defendant, Afoafouvale L.S. Lutu

## OPINION AND ORDER

### Background

This matter came on for trial after languishing for many years on the Court's pending docket. This case is an offshoot of another larger land dispute involving four of Faleniu village's leading families following the reversion of a certain area of land that had previously been leased to and occupied by the Mormon Church. Following reverter, pursuant to a stipulated settlement with the Church,[1] the senior matai of one of these families surveyed and claimed almost the entire reversionary interest. This in turn provoked a response from the remaining interested families, including Alai`asa Filifili, the plaintiff in the matter now before us ("Plaintiff"), asserting their own competing claims with surveys that went beyond the confines the Church leasehold. In the end, these competing claims hatched the litigation in *Moea`i v. Te`o*, 8 A.S.R.2d 85 (Land & Titles Div. 1988). The *Moea`i* case resulted, *inter alia*, in an award to Plaintiff described as "that portion of his survey which is also within the Moea`i survey, with the exception of the tracts retained by the [Mormon] Church and without prejudice to whatever rights Seigafo may have." *Id.* at 93-94. The Court ordered that "each party may register the portions of [land] described in the opinion as his family's communal land." *Id.*

In his efforts to secure his judgment granted in the *Moea`i* case, Plaintiff has determined that his boundary line runs through defendant Peka Te`o's ("Defendant") home. Hence this lawsuit arose.

### Discussion

Plaintiff is the senior matai of the Alai`asa family of Faleniu. He claims that Defendant has her home partially located on his family's communal land known as "Toa." Plaintiff seeks ouster of Defendant and the removal of her home from his family's side of the boundary line.

Defendant contends that her home is located within individually owned land known as "Maugasaa" belonging to the late Talanoa Talanoa of

---

[1] *See Tuiaana v. The Corp. of the Presiding Bishop*, CA No. 108-93 (1985).

Faleniu, from whom she claims entitlement.

Plaintiff acknowledged in his testimony that Defendant's presence on the land was through a person named Talanoa who was Western Samoan in origin. While his knowledge was vague as to a connection between Talanoa and Defendant, whom he thought was Talanoa's niece, Plaintiff's explanation about Talanoa's presence in the vicinity was that Talanoa had originally arrived in the Territory through the Mormon Church and that he thereafter married into the Si`ufanua family of Faleniu. Plaintiff further testified that his father, who also held the Alai`asa title, had in the 1940s granted Talanoa permission to live on "Toa," that Talanoa and his family migrated shortly thereafter to United States, and that apart from a family member named Fiso, the Talanoa's have not been heard of since. Plaintiff asserts that the permission given to Talanoa did not extend to Defendant.

Defendant's claim of derivative entitlement through Talanoa is corroborated to some extent by the records of the Territorial Registrar. Volume 2 of the Native Land Titles reveals at page 9 the registration in individual ownership of 2.767 acres more or less of "native land" named "Maugasaa" located in Mesepa, Western District, to Talanoa. The registration bears the date Feb. 5, 1949. Additionally, the Talanoa family member referred to by Plaintiff as "Fiso," also took the stand and identifying himself as Luteru Iosefo Fiso, testified that he is very familiar with the area in dispute since Talanoa was his step-father. Fiso further testified that his mother, while a member of the Moea`i family, was married into the Si`ufanua family; that he, his parents, and his brothers and sisters all lived on Maugasaa; and that Defendant is a relative of his step-father's.

### Findings

■ The issue of whether or not there is an encroachment is not readily determinable on the evidence before us. For reasons unknown unto the Court, no expert testimony was offered on the claimed encroachment. But this is certainly a case where the expertise of land surveyors, "by reason of [their] knowledge, skill, experience, training, or education" would surely "assist the trier of fact to understand the evidence or determine a fact in issue." T.C.R.Ev. 702. In lieu thereof, the Court is invited to embark upon its own scrutiny and interpretation of the survey maps filed in the *Moea`i* case, and determine therefrom in light of the *Moea`i* Court's generally worded judgment in Plaintiff's favor, whether there is a boundary encroachment as is claimed. (*See* Pl.'s Rebuttal Resp. to Def.'s Final Arguments 2.) We decline the invitation.

## Conclusion and Order

■ Alai`asa as plaintiff has the burden of proof. We conclude that he has failed to discharge that burden. Despite his claim to an encroachment, the evidence shows that Defendant is related to Talanoa, that Talanoa is the registered owner of individually owned land known as "Maugasaa," and the fact of registration is in derogation of Plaintiff's claim to Talanoa's permissive use of the land through his predecessor-in-title. We are satisfied that Defendant has provided a credible showing as to her presence on the disputed area and conclude that such presence is, on the preponderance of the scant evidence before us, lawful and derived through Talanoa.

The complaint will, therefore, be dismissed.

It is so ordered.